## In re HURST & HURST, Inc.

### Petition of CREDIT GUIDE PUB. CO.

(Circuit Court of Appeals, Second Circuit. January 5, 1925.)

### No. 120.

1. **Bankruptcy ⬅➡212—Where consent order, not appealed from, reserved lien on property to receiver, petitioner held not entitled to claim that receiver parted with lien by delivery of parts of property.**

Where there was no appeal from consent order referring to special master application to require petitioner to return property improperly taken from bankrupt's possession, and such order expressly provided that receiver or trustee should have a lien on property as security for amount due, petitioner will not be heard to object that receiver parted with his lien by delivery of certain parts of the property.

2. **Bankruptcy ⬅➡212—Order requiring return of property held to sufficiently identify same.**

Order requiring petitioner to return certain property improperly taken from bankrupt's possession *held* to sufficiently identify property.

3. **Bankruptcy ⬅➡446—Suggestion on petition to revise that petitioner might be held for contempt not considered, but compliance with order presumed.**

On petition to revise order requiring return of property improperly taken from bankrupt's possession, or in the alternative to pay amount found due, petitioner's suggestion that ·it might be held for contempt for failing to obey the order will not be considered, but it will be assumed that petitioner will comply with the order.

4. **Bankruptcy ⬅➡446—Sufficiency of evidence not reviewed on petition to revise.**

On petition to revise, the sufficiency of the evidence will not be reviewed, where findings of fact are supported by some, evidence.

5. **Bankruptcy ⬅➡212—Trustee held to have shown sufficient compliance with court's order as to procuring assignments from judgment creditor.**

Where court, in making order requiring petitioner to return property improperly taken from bankrupt's possession or to pay amount found due, provided for trustee securing assignments of judgments from certain judgment creditors, and on petition to revise it was shown that all but one of such assignments had been procured, and that trustee was in position to obtain assignment of such judgment, if petitioner intended to pay, *held*, there was sufficient showing of trustee's compliance with order.

Petition to Revise Order of the District Court of the United States for the Southern District of New York.

In the matter of Hurst & Hurst, Inc., bankrupt. Application to require the Credit Guide Publishing Company to return property of the bankrupt to the trustee was submitted to a special master by stipulation, and to review an order of the District Court approving the report, and directing the petitioner to return the property or pay balance found due, the Publishing Company petitions to revise. Order affirmed.

Samuel Rose, of New York City, for appellant.

Yankauer & Davidson, of New York City (Harvey T. Mann, of New York City, of counsel), for respondent.

Before ROGERS, HOUGH, and MANTON, Circuit Judges.

MANTON, Circuit Judge. After the adjudication in bankruptcy and the appointment of a receiver of this bankrupt, it was found that the Credit Guide Publishing Company had obtained certain galley pages of type upon which the bankrupt asserted an artisan's lien. An application was made for the return of the property alleged to have been improperly taken from the bankrupt's possession, and this issue, upon stipulation, was submitted to a special master to determine the debits and credits of the parties. The master found that there existed a balance due to the bankrupt of $6,100. The master's findings were approved by the District Court, and an order was entered accordingly, directing the payment, but the order of the court provided that the trustee in bankruptcy secure assignments of judgments from certain judgment creditors who had reduced their claims against the petitioner to judgment. This was done to avoid the possibility of double recovery from the petitioner. The order referring the matter to the special master stands uncontroverted.

[1] We are at first urged to consider the claim of the petitioner that the receiver parted with his lien by delivery of parts of the galleys to the petitioner; it being contended that this was done pursuant to the contract of August 29, 1921. This claim is answered by the fact that, by the terms of the order of reference dated January 5, 1922, which was entered upon consent, it was provided that, in the event that the petitioner fails to pay the amount which may be found due and owing to the bankrupt, it shall turn back to the receiver or trustee the page galley proofs, and further that "the receiver or trustee shall have a lien upon the same as security for the amount found due." Since there was never an appeal from the order entered upon that stipulation, it must be regarded as settled, and there was a lien for any balance that might be found due. The result is that the petitioner must pay or return the galley pages of type for the purpose of satisfying the lien thus secured by the order.

[2] It is next argued that there is no sufficient identification of the property in the order of May 28, 1924. The order of January 25, 1922, described the property as "the page galleys of type heretofore turned over by the receiver herein to the Credit Guide Publishing Company, Inc." The later order of May 28 follows this language substantially, and further identifies the galleys as such property "that was ordered to keep intact and accessible at all times." It does not appear that there was ever any question of identity of the material upon which the bankrupt claimed a lien, and it appears to be well recognized and subject to identification by both litigants.

[3, 4] It is urged that, because of the form the order takes directing payment or delivery of the property, the petitioner might be held for contempt for failing to obey the order of the court appealed from. We will not consider such a suggestion at this time. We will assume that the petitioner will fulfill the directions of the order which we are about to affirm. Nor can we examine the sufficiency of the evidence to support the findings of fact on this petition to revise. It should be unnecessary now to cite authority for this proposition. Since there is some evidence to support the findings, we are precluded by the conclusion of the master later affirmed by the District Court.

[5] It appears by the affidavits submitted that assignments had been made, as suggested by the District Court, of the judgments entered against the petitioner for the claims of three creditors. An affidavit was submitted, which is not controverted, to the effect that two of these judgments were assigned to the trustee, and the third, the judgment of the Enmore Linotype Service, Inc., was based upon a cause of action for work, labor, and services, and was not in any way based upon an assignment from the bankrupt. The affidavit sets forth that, if the petitioner intends to pay the amount due and owing, the trustee is in a position to obtain an assignment of the judgment of the Enmore Linotype Service, Inc. We think that this is sufficient compliance with the suggestion of the District Court.

Decree affirmed.